UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND MAX SNYDER, <br><br>           Plaintiff, <br> v. <br> JUDGE KRISTIN N HILL, *et al.*, <br><br>           Defendants. | Case No. 3:24-cv-00267-MMD-CSD <br><br> ORDER |

**I.      SUMMARY**

*Pro se* Plaintiff Raymond Max Snyder brings this action under 42 U.S.C. § 1983 against numerous Defendants[1] for alleged constitutional violations relating to the defendant judges' orders in two separate cases. (ECF No. 1 ("Complaint").) Plaintiff has filed an unprecedented number of motions, prompting the Court to *sua sponte* stay the case pending the Court's rulings on pending dispositive motions.[2] (ECF No. 107 (noting that Plaintiff had filed 23 motions as of October, 2024, including duplicative motions to submit prior motions).) The Court now addresses and grants WW Defendants' motion to dismiss (ECF No. 16 ("Motion")[3]). Because the Court dismisses this case for lack of subject matter jurisdiction, all remaining pending motions are denied as moot.

---

[1]Defendants are (1) judges and the state court where the relevant state cases were filed: Judge Kriston N. Hill, Judge Robert E. Estes, Clerk of Court (individually and in her official capacity as the Elko County Clerk, Elko County, Nevada), and the Fourth Judicial District Court; (2) the law firm and attorneys who represented Plaintiff's ex-spouse: Woodburn and Wedge, Shay Wells and Shawn B. Meador (collectively, "WW Defendants"); and (3) two other individuals: Lauara Ann Lisk ("Lauara") and Ryan Lisk. (ECF Nos. 1, 16 at 3.)

[2]Plaintiff subsequently appealed both the Court's order staying the case and several orders issued by Magistrate Judge Craig Denney on earlier nondispositive motions. (ECF Nos. 108, 115, 116.) The Ninth Circuit dismissed Plaintiff's appeals for lack of jurisdiction (ECF Nos. 117, 120) and mandates have issued (ECF Nos. 119, 123).

[3]Plaintiff filed two responses to the Motion (ECF Nos. 17, 22), and Defendant Ryan Lisk replied (ECF No. 25).

## II. DISCUSSION

WW Defendants seek dismissal on several grounds. Because the Court agrees with WW Defendants that the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine (ECF No. 16 at 16-17), the Court declines to address the other grounds for dismissal.

The *Rooker-Feldman* doctrine directs that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment.[4] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine applies when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from the state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). As part of a refusal to hear a forbidden de facto appeal, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel*, 341 F.3d at 1158). To determine if an action operates as a de facto appeal, the court "pay[s] close attention to the relief sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 990 (9th Cir. 2003)).

Here, at their foundation, Plaintiffs' claims are based on orders and rulings in two state court cases. In particular, Plaintiff asserts in his Complaint that he is suing Defendants for their actions in "filing fraudulent orders in Case No. DR-MD-17-757 . . . and Judge Hills' orders in Case No. DC-CV-23-151." (ECF No. 1 at 4-8.) As to the claims against Defendant Ryan Lisk, Plaintiff asserts that Lisk's "North Carolina false testimony" against him "aided in the Nevada court's improper award of damages against" Plaintiff.

---

[4]State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983).

(*Id.* at 4.[5]) The Court finds that the alleged wrongs for which Plaintiff seeks redress involve orders in the state court cases—and are so intertwined with the issues in those cases—that Plaintiff's suit amounts to a forbidden de facto appeal of Defendant Judges Hill and Estes' rulings.

The specific relief sought by Snyder further supports the conclusion that Plaintiff is essentially appealing the state court rulings. In the Complaint, Plaintiff first requests "[t]hat all orders against [Plaintiff], including in the North Carolina be dismissed with prejudice." (ECF No. 1 at 54.) Consistent with that requested relief, Snyder has filed separate motions asking the Court to set aside at least two rulings in the state court cases. For example, Plaintiff filed a motion to overturn the Fourth Judicial District Court's order designating Plaintiff as a vexatious litigant (ECF No 84) and a motion to strike the Divorce Decree in his state case for fraud on the court (ECF No. 88). But where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker-Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted). *See also Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."). In short, to provide Plaintiff with the relief he seeks would require this Court to analyze the state courts' alleged legal errors and void the orders entered in those cases, which is squarely barred by *Rooker-Feldman*. Moreover, to the extent Plaintiff seeks other related relief, the Court may not review any issues "inextricably intertwined" with issues addressed by the state court. *See Doe*, 415 F.3d at 1042-43.

Accordingly, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Plaintiff's claims, and the Court will grant WW Defendants' Motion.

---

[5]The Complaint references other cases, including a case that Lauara Lisk brought against Plaintiff in North Carolina. (ECF No. 1 at 9.) The Complaint also references a case that Plaintiff brought against Defendant Judge Estes in this district (case no. 3:23-cv-00048-ART-CSD). (*Id.* at 24-25.) In that case, the district court similarly granted Judge Estes' motion to dismiss based primarily on the *Rooker-Feldman* doctrine. (Case no. 3:23-cv-00048-ART-CSD, ECF No. 46.)

Because the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine, the Court also *sua sponte* dismisses claims against the remaining Defendants. See *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (finding a court may dismiss claims *sua sponte* for lack of subject matter jurisdiction without violating due process).

### III.   CONCLUSION

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that WW Defendants' motion to dismiss (ECF No. 16) is granted.

It is further ordered that claims against all Defendants are dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

It is further ordered that all other pending motions (ECF Nos. 8, 11, 13, 23, 26, 27, 29, 30, 41, 49, 53, 55, 64, 66, 71, 84, 85, 88, 89, 92, 93, 101, 103, 105, 106, 121) are denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 15th Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE